IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RIO GRANDE GAMES, INC.

      Plaintiff,

v.                                                                                       No. CIV 13-985 JAP/KBM

HANS IM GLÜCK VERLAGS GmbH,

      Defendant

**MEMORANDUM OPINION AND ORDER**

The MOTION OF PLAINTIFF RIO GRANDE GAMES, INC. TO DISMISS COUNTS II AND III OF DEFENDANT'S COUNTERCLAIMS (Motion and Memorandum) (Doc. Nos. 27, 28) challenges Defendant Hans Im Glück Verlags GmbH's characterization or designation of two of three counterclaims in its ANSWER AND COUNTERCLAIM FOR BREACH OF CONTRACT (Answer) (Doc. No. 25). Plaintiff argues that Counterclaim II for breach of an implied covenant of good faith and fair dealing is duplicative of Counterclaim I for breach of contract, and that Counterclaim III for punitive damages should not be set out as a separate cause of action because it is merely a request for relief. Motion at 1.

Defendant's RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS COUNTS II AND III OF DEFENDANT'S COUNTERCLAIMS (Response) (Doc. No. 29) asserts that Counterclaim II for breach of an implied covenant of good faith and fair dealing is not subsumed by the breach of contract counterclaim. Response at 2. In addition, Defendant contends that its counsel offered to stipulate to an "agreeable form for allegation of punitive damages" but that Plaintiff proceeded to file the present Motion. Defendant argues that it is

1

immaterial whether it requests punitive damages as an independent counterclaim or as part of a request for relief.  *Id.* at 4.  Defendant seeks recovery of its reasonable attorneys' fees for responding to Plaintiff's "wasteful motion."  *Id.* at 5.

The REPLY OF PLAINTIFF/COUNTERCLAIM DEFENDANT RIO GRANDE GAMES, INC. TO THE OPPOSITION OF DEFENDANT/COUNTERCLAIM PLAINTIFF HANS IM GLÜCK VERLAG-GMBH TO PLAINTIFF'S MOTION TO DISMISS COUNTS II AND III OF DEFENDANT'S COUNTERCLAIM (Reply) (Doc. No. 30) contends that the "form and content of pleadings . . . matter" and that it is proper to narrow the issues in the early stages of litigation.  Reply at 2-3.  Plaintiff urges that Counterclaim II for breach of an implied covenant of good faith and fair dealing is nothing more than an element of the breach of contract counterclaim and that there are no allegations to support the contention that Plaintiff acted in bad faith or with the intent to deprive Defendant of its contractual rights.  Further, Plaintiff asks for dismissal of the request for punitive damages as a separate counterclaim although Plaintiff agrees that Defendant may request punitive damages.  In addition, Plaintiff contends that there are no grounds to support Defendant's request for sanctions.  Reply at 5-6.

### Analysis

I.     **Breach of an Implied Covenant of Good Faith and Fair Dealing (Counterclaim II)**

Under New Mexico law, "every contract imposes a duty of good faith and fair dealing on the parties with respect to the performance and enforcement of the terms of the contract." *Sanders v. FedEx Ground Package Sys., Inc.*, 144 N.M. 449, 452 (2008).  To demonstrate a breach of an implied covenant of good faith and fair dealing, a party must show "bad faith or that one party wrongfully and intentionally used the contract to the detriment of the other party." *Cont'l Potash v. Freeport-McMoran*, 115 N.M. 690, 706 (1993), *cert. denied*, 510 U.S. 1116

(1994).  The implied covenant of good faith and fair dealing requires that neither party do anything that will injure the rights of the other party to receive the benefit of the agreement. *Bourgeous v. Horizon Healthcare Corp.*, 117 N.M. 434, 438, 872 P.2d 852, 856 (1994).

Defendant asserts the existence of an express agreement or contract and contends that Plaintiff submitted false or fraudulent overbillings.  Answer at 4-8.  Defendant also alleges that the written contract into which the parties entered contained an implied covenant of good faith and fair dealing, and that there were breaches of the agreement and the implied covenant.  *Id.* at ¶¶ 23-24, 26-27.  Defendant contends that Plaintiff acted in bad faith.  *See id.* at ¶ 30 (punitive damages counterclaim).

Under Rule 8 of the Federal Rules of Civil Procedure, a party asserting a claim must set forth a "short and plain statement of the [counter]claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Rule 8(a) does not require intricately detailed factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Here, Defendant's Counterclaim II for breach of an implied covenant of good faith and fair dealing contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *See id.* (citation omitted). Moreover, a party is not precluded from bringing separate claims for breach of contract and breach of the implied covenant of good faith and fair dealing.  *See Sanders*, 144 N.M. 449 (plaintiff brought separate claims for breach of contract and breach of an implied covenant of good faith and fair dealing, and jury was instructed on both theories).

The Court declines to find that Counterclaim II for breach of an implied covenant of good faith and fair dealing is "merely an element of" Counterclaim I for breach of contract.  Because Defendant sufficiently complied with the pertinent pleading standards, the Court will deny Plaintiff's Motion to Dismiss Counterclaim II.

## II.     Punitive Damages (Counterclaim III)

There is no need to set forth a separate counterclaim seeking punitive damages.  *See Chavarria v. Fleetwood Retail Corp.*, 140 N.M. 478, 486 (2006) ("A specific pleading of the theory that supports an award of punitive damages ... is not required by the rules.").  However, to require Defendant to revise the Answer and request punitive damages by way of a prayer for relief is unnecessary.  Plaintiff agrees that punitive damages may be recoverable if Defendant supplies the requisite evidence.  *See* Motion at 1 ("Count III seeks a remedy for the alleged breach of contract, but does not state an independent cause of action."); Memorandum at 2 ("a party claiming breach of contract may be able to recover punitive damages"); Memorandum at 2 n.2 (Plaintiff "is not here asking the court to rule that [Defendant] may not seek a remedy of punitive damages").  Requiring that an amended Answer and Counterclaim be filed for this purpose alone would not narrow the issues as argued by Plaintiff.  Thus, the Court will deny Plaintiff's Motion to Dismiss Counterclaim III for punitive damages.

## III.    Request for Attorneys' Fees

The Court has inherent authority to levy sanctions for frivolous or abusive filings.  *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (discussing the federal courts' inherent authority to sanction litigants where appropriate).  While Plaintiff's Motion was of little assistance in clarifying or narrowing the issues, the Court will deny Defendant's request for attorneys' fees.

IT IS THEREFORE ORDERED that the MOTION OF PLAINTIFF RIO GRANDE GAMES, INC. TO DISMISS COUNTS II AND III OF DEFENDANT'S COUNTERCLAIMS (Doc. No. 27) is DENIED and that Defendant's request for attorneys' fees is DENIED.

_____
SENIOR UNITED STATES DISTRICT JUDGE