IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RIO GRANDE GAMES, INC.

        Plaintiff,

v.                                                            No. CIV 13-985 JAP/KBM

HANS IM GLÜCK VERLAGS GmbH,

        Defendant

**MEMORANDUM OPINION AND ORDER**

On May 27, 2014, Plaintiff Rio Grande Games, Inc. (RGG) requested leave to file an amended complaint against Defendant Hans im Glück Verlags GmbH (HiG). *See* PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (Motion to Amend) (Doc. No. 44). The original COMPLAINT FOR BREACH OF CONTRACT (Complaint) (Doc. No. 1), filed October 9, 2013, sets out a single breach of contract claim, alleging that RGG has been damaged in the amount of $78,142.53. In its Answer to the Complaint, HiG denied that it owed money to RGG and counterclaimed for breach of contract and breach of the implied covenant of good faith and fair dealing, requesting the approximate sum of $137,205.00 for amounts HiG believed it was overbilled and that it already had paid to RGG. In its counterclaims, HiG also sought an award of punitive damages against RGG. *See* HiG's ANSWER AND COUNTERCLAIM FOR BREACH OF CONTRACT (Answer) (Doc. No. 25).

RGG's AMENDED COMPLAINT FOR BREACH OF CONTRACT (First Amended Complaint) (Doc. No. 44-1), which is attached as an exhibit to the Motion to Amend, proposes damages in the sum of $227,100.00, three times RGG's original request and asks for punitive

1

damages as well.  The proposed First Amended Complaint contains three counts:  (1) the Count I Breach of Contract claim, which is essentially the same as that set out in the original Complaint, but requests additional damages; (2) the Count II "Breach of Contract Accompanied by Fraud" claim which asserts that HiG's legal representatives knowingly made false accusations and false calculations to avoid paying monies owed to RGG, that HiG fraudulently misstated the amounts owed to HiG by RGG, and that HiG's acts and failures were done in bad faith, willfully, and maliciously sufficient to warrant an award of punitive damages; and (3) the Count III claim, identified by the term "Accounting," which seeks a "complete and accurate accounting of the dealings of the Parties pursuant to their Agreement."  In the request for relief, RGG seeks a total of $227,100.00 in compensatory damages and an unspecified amount of punitive damages.[1]

On June 13, 2014, HiG filed a RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (Response) (Doc. No. 47), arguing that RGG's Motion for leave to amend should be denied because the proposed amendments are futile.

On June 25, 2014, RGG filed PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND (Reply) (Doc. No. 48). RGG first explained that it may have mischaracterized the proposed Count II claim as a fraud claim that required heightened pleading under Rule 9(b).  In order to correct this characterization, RGG attached to its Reply a "substitute amended pleading, identified as a Second Amended Complaint, in which it relabeled Count II as Breach of Contract Accompanied

---

[1] This lawsuit initially appeared to be a straightforward breach of contract case.  However, the increasing contentiousness of the lawsuit is evidenced by both parties' subsequent requests for punitive damages against one another and RGG's proposed threefold increase in the amount of its original damages. Moreover, the parties appear unable to work out routine issues without assistance of the Court, such as those contained in RGG's unsuccessful motion to dismiss two of HiG's counterclaims.

2

by Bad Faith," rather than a breach of contract claim accompanied by fraud.[2]  *See* Reply at 1 and Second Amended Complaint for Breach of Contract (Doc. No. 48-1).  In the remainder of its Reply, RGG urges that there is no basis to deny leave to file its proposed Second Amended Complaint.

## Procedural Background[3]

In the JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN (JSR) (Doc. Nos. 32, 36), the parties agreed that May 31, 2014 was RGG's deadline to amend the pleadings in compliance with the requirements of Fed. R. Civ. P. 15(a).  Thus, RGG filed its Motion for leave to amend by the deadline.  This case is still in the early stages with discovery closing at the end of October 2014 (Doc. No. 35), and a jury trial scheduled in April 2015 (Doc. No. 46).

## Discussion

**I.     Legal Standard**

    **A.     <u>Leave to Amend Under Fed. R. Civ. P. 15(a)</u>**

Rule 15(a)(2) of the Federal Rules of Civil Procedure governs amendments to the pleadings when a party no longer has an automatic right to amend the pleadings.[4]  *Compare* Fed. R. Civ. P. 15(a)(1) (discussing when a party may amend a pleading as a matter of course).  Rule 15(a)(2) provides that a party may amend the pleadings "only with the opposing party's written

---

[2] Although RGG's Second Amended Complaint deleted the word "fraud" from the subtitle of Count II and added several new allegations under this count, paragraph 18 of the proposed Second Amended Complaint still alleges that HiG's breach of the agreement between the parties was "accompanied by its fraud."  Second Amended Complaint, ¶ 18.  It is unclear if RGG's inclusion of the term "fraud" was intentional or not.

[3] The Court's Memorandum Opinion and Order denying HiG's motion to dismiss for lack of jurisdiction (Doc. No. 23) contains a detailed discussion of the parties' written agreement and business relations from which the breach of contract claims arose.

[4] Rule 16(b)(4) of the Federal Rules of Civil Procedure is not implicated since RGG filed its Motion to Amend before the JSR deadline.

consent or the court's leave." Because HiG opposes RGG's request to amend the Complaint, Motion to Amend at 2, RGG seeks leave of the Court to file an Amended Complaint.

"[T]he grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court," *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330, *reh'g denied,* 401 U.S. 1015 (1971). Rule 15(a) expressly provides that a "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The purpose of Rule 15(a) is to allow litigants "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Hardin v. Manitowoc–Forsythe Corp*., 691 F.2d 449, 456 (10th Cir. 1982)

Notwithstanding the policy of liberality behind the rule, the Tenth Circuit Court of Appeals has observed that amendment under Rule 15 is not limitless. *Heard v. Bonneville Billing and Collections,* 216 F.3d 1087 (Table, Text in Westlaw), 2000 WL 825721, at *4 (10th Cir. June 26, 2000) (unpublished) (citation omitted). Indeed, a court may deny leave to amend "upon a showing of undue delay, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or undue prejudice to the opposing party, or futility of amendment." *Castleglen, Inc. v. Resolution Trust Corp*., 984 F.2d 1571, 1585 (10th Cir. 1993) (*citing Foman v. Davis*, 371 U.S. 178, 182 (1962)). In other words, futile amendments need not be allowed. *Foman*, 371 U.S. at 182. "[A] proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Bradley v. Val–Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (citations omitted).

### B.   Parties' Positions

RGG argues that this matter is in the initial stages and that neither party has served any discovery requests. RGG observes that the proposed amendment will not require an extension of

discovery or interfere with any other established deadline. Thus, RGG asserts that the Court should liberally apply Rule 15 to allow the proposed amendment.

In addition, RGG attached to its first proposed Amended Complaint a Verification of its President Jay Tummelson, who attests that HiG's counterclaim for $135,000.00 required that RGG further scrutinize the "course of dealings and payments made by the Parties." Doc. No. 44-1 at 7. After additional review of the accounting history between the parties, Mr. Tummelson recognized "knowingly false conduct of Defendant in its dealings with me, and the revision of the calculation of the amount it owes to RGG . . . ." *Id.* RGG's additional inquiry into accounting records resulted in the significantly increased amount of damages claimed in the proposed Amended Complaint.

HiG argues that RGG's new claims are futile because they would not survive a motion to dismiss, that the contract claims are not based on any new factual allegations, and that the accounting cause of action is an equitable claim available only when the parties are in a fiduciary or trust relationship or when allowed by statute. Response at 1-2. More specifically, HiG asserts that the new contract claim seeks additional monetary damages but that RGG supplied no supplemental facts to support the significant increase in damages. Response at 2-3.

In its Reply, RGG contends *inter alia* that it included new allegations to provide additional factual background giving rise to its claims and increased damages. Reply at 2. However, RGG's Reply is not a model of clarity because it discusses both why the previously submitted proposed Amended Complaint could withstand HiG's Motion to Dismiss **and** why the proposed Second Amended Complaint was adequate as well. *See, e.g.,* Reply at 2 ("RGG's Amended Pleading as Previously Submitted"). After providing a page of argument why the Count II claim, "Breach of Contract Accompanied by Fraud," (First Amended Complaint) (Doc.

No. 44-1 at 4-5) was sufficient, RGG changed course and decided "to avoid further dispute over the pleading requirements applicable to fraud claims," and to recharacterize the Count II Breach of Contract claim as one "accompanied by Bad Faith."  Reply at 3.  With respect to the Count III "Accounting" claim, RGG challenges HiG's reliance on a "more than 100-year old U.S. Supreme Court decision" and a 1927 New Mexico Supreme Court decision.  Reply at 4.  But, old law is not necessarily bad law.

In the remainder of its Reply, RGG contends that the increase in damages it seeks does not make its Count I Breach of Contract claim "implausible."  Reply at 5.  In addition, RGG asserts that it adequately alleged a claim for "an independent tort associated with HiG's breach of contract," referring to the revised Count II Breach of Contract claim.  RGG urges that a breach of contract claim "accompanied by bad faith" is "a recognizable business tort under New Mexico," without actually citing a New Mexico decision.[5]  Reply at 6.

RGG also argues that its allegations in support of the Count II Breach of Contract claim are "at least comparable with those HiG alleged in its counterclaim for breach of covenant of good faith and fair dealing . . . " and that these allegations "are more than adequate to support a claim for breach of the implied covenant of good faith and fair dealing that underlies every agreement."  Reply at 6, 7.  Yet, apart from this argument in the Reply, it is not clear whether RGG intended to set forth a claim for breach of the implied covenant of good faith and fair dealing as nothing in either proposed amended Complaint expressly names this cause of action.  Instead, as best as the Court can interpret the proposed Second Amended Complaint, RGG intended to seek punitive damages via the Count II Breach of Contract claim.  *See* Second

---

[5] RGG did cite a bankruptcy decision from the Western District of Texas for the proposition that the substance of the allegations in a pleading, rather than a given label or title, determines if the party has alleged a viable cause of action.  However, that case did not analyze New Mexico law or the "recognizable business tort" to which RGG refers.  Reply at 5-6.

6

Amended Complaint at ¶ 18 (alleging that HiG's facts and failures warrant an award of punitive damages for breach of the pertinent agreement).

Regarding the Count III Accounting claim, RGG contends that the facts alleged in the proposed Second Amended Complaint, as well as those in HiG's counterclaim "virtually cry out for an accounting to be conducted in this matter." Reply at 8. Because there is "confusion as to amounts owed by one party to the other pursuant to their dealings," RGG argues that an accounting is a "proper cause of action to pursue." *Id.*

**II.     Analysis**

At this early stage of the proceedings, and in light of Rule 15(a)'s policy of liberal amendment, the Court will grant RGG's Motion in part and deny it in part. The result is that RGG will be required to file a new First Amended Complaint within ten (10) days after entry of this Memorandum Opinion and Order.

The new First Amended Complaint may include the allegations contained in paragraphs 1-11 of RGG's proposed Second Amended Complaint that address the Parties, Jurisdiction and Venue, and Factual Background. Supplemental or new background allegations are not allowed without an additional Motion for Leave to Amend.[6]

With respect to the Count I Breach of Contract claim, ¶¶ 12-15, RGG may increase its request for damages to the sum requested in its proposed Second Amended Complaint, although it is the evidence that will determine what amount, if any, is owed. Thus, the Count I Breach of Contract claim, ¶¶ 12-15, may be included in the new First Amended Complaint. Additional allegations in support of the Count I Breach of Contract claim are not allowed without a Motion for Leave to Amend.

---

[6] The Court strongly encourages the parties to attempt to work out these types of issues without the need for further court intervention.

With respect to the Count II Breach of Contract Accompanied by Bad Faith claim, ¶¶ 16-20, the Court declines to allow the proposed amendment set forth in RGG's Second Amended Complaint on grounds of futility and because the proposed amendment is unnecessary and confusing as framed.  First, there is no need to allege two separate claims for breach of contract.  Second, the claim, even as amended, continues to allege fraudulent conduct by HiG and is confusing as to what claim RGG seeks to bring against HiG.  Thus, the Court denies the request for leave to amend to add the Count II Breach of Contract claim, ¶¶ 16-20.

If there are factual allegations to support a claim for breach of the implied covenant of good faith and fair dealing, RGG may include that claim along with appropriate supporting allegations, provided the claim is warranted by existing law or by a nonfrivolous argument.

In addition, the Court finds that the allegations are sufficient to permit RGG to amend the Complaint to add a request for punitive damages.  However, as the Court instructed in its earlier MEMORANDUM OPINION AND ORDER (Doc. No. 41 at 4), there is no need to set forth a separate claim seeking punitive damages.  *See Chavarria v. Fleetwood Retail Corp*., 140 N.M. 478, 486 (2006) ("A specific pleading of the theory that supports an award of punitive damages ... is not required by the rules.").  If RGG seeks an award of punitive damages in the new First Amended Complaint, it need not be set out as a separate cause of action.

Finally, the Court will deny RGG's request to add the Count III claim for an Accounting, ¶¶ 21-22.  This type of accounting information should be requested and obtained through appropriate discovery channels.  In the Prayer for Relief, RGG should omit the request for an accounting of all amounts allegedly owed to it by HiG.

IT IS THEREFORE ORDERED that PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (Doc. No. 44) is GRANTED in part and DENIED in part consistent

with this opinion.  The new First Amended Complaint, as discussed herein, must be filed by July 28, 2014.

_____
SENIOR UNITED STATES DISTRICT JUDGE